## Perry, Appellant, *v.* Pittsburgh & Butler Street Railway Co.

*Street railways—Eminent domain—Land in different counties—Jurisdiction.*

Where a lot of land lies in two counties, and a portion of the lot lying in one county is taken by a street railway company, under the right of eminent domain, the damage to the whole lot is to be considered, and proceedings to assess the damages, may under the Act of June 13, 1836, P. L. 568, Sec. 80, be instituted in either of the two counties in which the land is situated.

584 PERRY, Appellant, *v.* PITTSBURGH & B. ST. RY. CO.

Statement of Facts—Opinion of the Court. [64 Pa. Superior Ct.

Argued May 9, 1916. Appeal, No. 143, April T., 1916, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1914, No. 5, for defendant n. o. v. in case of J. D. Perry v. Pittsburgh & Butler Street Railway Company. Before ORLADY, P. J., HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for the taking of land. Before REIBER, P. J.

The opinion of the Superior Court states the case.

At the trial a verdict was returned for the plaintiff for $275. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*John R. Henninger,* for appellant, cited: Finney v. Somerville, 80 Pa. 59.

*Charles F. Hosford, Jr.,* with him *Albert C. Troutman,* for appellee, cited: Prevost v. Gorrell, 2 W. N. C. 440; Oliphant v. Smith, 3 P. & W. 180.

OPINION BY KEPHART, J., July 18, 1916:

The appellant's lot, fifty by one hundred feet, lies in Allegheny and Butler Counties. A portion of this lot, lying in Allegheny County, was taken by the defendant. The action was trespass, but at the trial the case proceeded on the theory of permanent damages, and so far as the method of procedure may be material, the case may be treated in effect as though instituted under the procedure for eminent domain. That, however, is immaterial. The question which concerns us is whether the facts disclosed by the record bring the case within the Act of June 13, 1836, P. L. 568, Sec. 80, which reads: "Any case where the subject of controversy shall be a tract of land, or any other single tenement, situate in

different counties, it shall be lawful to commence an action as aforesaid, in either of the counties, and in such case the sheriff, etc." The court below held that the "subject of controversy" was the portion of land taken by the defendant lying in Allegheny County, and as this action was brought in Butler County entered a judgment n. o. v.

We cannot agree that the basis of action in a case of this character is the ground actually taken from a larger piece of ground, but it is that and the damage to the entire property. The two are inseparable items in making up "the damage" and it is damage that is awarded in a suit, not an amount of money representing the value of the land taken. We are now discussing a piece of ground separated from a larger piece of ground, and of itself a distinct unit of value, the subject of a conveyance under the law, and the damage to it alone may be assessed without reference to any land adjoining it or adjacent to it. The initial act was the entry upon the portion of the land occupied. The damage was not restricted to the value of the land taken as such, but as its taking affected the balance of the property, and thus the standard of value before and after. By reason of such taking the land may be reduced in value not only because of the diminution in the amount of the land, but because of inconveniences and annoyances affecting the use and enjoyment of the remainder. Any special advantages to this balance may offset any damage that may arise. This may be so considerable as to result in no damage to the property by reason of the taking. It is clear, therefore, that the entire property affected by the appropriation is what must be considered; and as it was in both counties either county had jurisdiction. This is the principle laid down in Finney v. Somerville, 80 Pa. 59.

The judgment is reversed and the record remitted to the court below with direction to enter judgment on the verdict.